Jacob Markowitz, J.
(dissenting). At the preliminary hearing of July 6, 1970, the arresting officer testified that he made a written memorandum of the incident in his memo book; yet he did not produce the book in court. Counsel for defendant asked for a continuance of the hearing. This was denied, with the court’s admonition to the officer that he bring the memo book to the trial. The court ruled that the officer could not be cross-examined concerning the absent memo book. The officer was aware of the police regulation requiring him to bring the memo book when he was called to testify at the hearing.
Notwithstanding the admonition, the officer did not bring his memo book to the trial. He again conceded knowledge of the instructions from the Police Department that he bring his memo book to court when he testified.
What the officer had with him contained no details “ a-s to how or [under] what circumstances the arrest took place ’ ’.
In view of the officer’s failure to produce his memo book on the trial, the rulings at the preliminary hearing denying a continuance and aborting cross-examination concerning the memo *910 book, constituted reversible error (People v. Jackson, App. Term, 2d Dept., N. Y. L. J., May 4, 1971, p. 20, col. 2; People v. Persico, 24 N Y 2d 758; People v. Matz, 23 N Y 2d 196; People v. Malinsky, 15 N Y 2d 86, 90; People v. Rosario, 9 N Y 2d 286, 289; People v. Anderson, 25 A D 2d 602; People v. Surita, 18 A D 2d 1064; People v. Baldwin, N. Y. L. J., Nov. 17, 1967, p. 17, col. 2).
A preliminary hearing is a critical stage of the proceedings (Coleman v. Alabama, 399 U. S. 1 [1970]). Its purpose is not solely to show whether there are reasonable grounds to believe that a crime was committed and that defendant committed it, as urged by the District Attorney. It also partakes of a pretrial discovery proceeding (Blue v. United States, 342 F. 2d 894).
Discussing .a defendant’s right to examine a witness’ prior statement, Fuld, J. (now Ch. J.) said in People v. Malinsky (15 N Y 2d 86, 90, supra): “ And, obviously, it matters not whether the witness is testifying upon a trial or at a hearing. In either event, ‘ a right sense of justice ’ entitled the defense to ascertain what the witness said about the subject under consideration on an earlier occasion.”
I am aware of defendant’s prior criminal record and that defendant has fully served his sentence. I suggest, nevertheless, that the conviction should not be permitted to stand. The officer’s failure to produce his memo book violated the directive to the contrary of the Chief Inspector of the Police Department of March 21, 1969, issued more than a year prior to the hearing in this case. Moreover, People v. Persico (24 N Y 2d 758, supra) was decided on March 5, 1969, also over a year before the hearing. The officer should not have come to the hearing without his memo book; and, if the officer did, the Assistant District Attorney should have adjourned the hearing.
Apparently arresting officers need to be re-alerted to the Police Department directive; and Assistant District Attorneys ■need to be reminded that they should not proceed with testimony until the police memo book is available for inspection by defendant’s counsel. Obedience to these rules will eliminate unnecessary adjournments prior to and during hearings and trials. Particularly is this so in view of the crowded calendar conditions in the Criminal Court and that cases are being tried before juries.
In the circumstances before us, orderly procedure, as well as the rights of the defendant, call for reversal of the erroneous rulings below. Since defendant has served his sentence, the complaint should be dismissed.
*911 I therefore dissent, and vote to reverse the conviction and to dismiss the complaint.
Gold and Streit, JJ., concur in Per Curiam opinion; Markowitz, J., dissents in memorandum.
Judgment of conviction affirmed.